

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 30, 1965

Mr. Fred P. Holub
County Attorney
Matagorda County
Bay City, Texas

Opinion No. C-554

Re: Whether, under the sub-
mitted facts, the National
Hall, through its Board of
Directors can qualify under
Article 667, Vernon's Penal
Code, so as to be entitled
to secure a license to sell

Dear Mr. Holub:                    beer.

In your request for an opinion of this office, you state
the following facts:

"In Matagorda County, Texas, we have
three mutual insurance lodges in the Bless-
ing, Texas, area, known as S.P.J.S.T.,
K.J.Z.T. and K.J.T. S.P.J.S.T. is a mutual
insurance company for men, women and chil-
dren; K.J.Z.T. is a mutual insurance company
of women members of the Catholic religion
and K.J.T. is a mutual insurance company of
men members of the Catholic religion. Each
of these three companies has a lodge here in
this County and all three lodges comprise of
quite a large membership.

"Because none of these three lodges owned
a meeting hall, they decided to buy one to-
gether and call it The National Hall. They
bought an old school house and about two or
three acres of land near Blessing, Texas, and
each of these three lodges holds their month-
ly meetings in this hall. This has been going
on some 20 years. The operation of the hall
itself is done by a board of directors known
as The National Hall Board of Directors and it
appears that each of the three above lodges
sends or appoints annually two or three mem-
bers to the Board of Directors so that each
lodge has equal representation on the opera-
tion of the hall."

You go on to state that The National Hall is in no way incorporated but desires to make application through its Board of Directors for a beer license as an "organization." You ask whether or not this "organization" can qualify as an applicant.

Article 667, Section 5, Vernon's Penal Code, begins:

"Any person may file an application for a license as a Manufacturer, Distributor or Retail Dealer of beer in vacation or in term-time with the County Judge of the county in which the applicant desires to engage in such business. The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true:

". . ." (Emphasis supplied)

Article 667, Section 1(h), Vernon's Penal Code provides:

"(h). The term 'person' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them." (Emphasis supplied)

The word "organization" connotes a rather broad, generic term and is not specifically defined in the Texas Liquor Control Act. Webster's Third New International Dictionary defines an "organization" as "a group of people that has a more or less constant membership, a body of officers, a purpose, and usually a set of regulations" among others. Under the facts as set out, it would appear that The National Hall is an "organization" by almost any definition. Under Section 5 and Section 1(h) of Article 667, supra, The National Hall would be technically qualified as an applicant for a beer license.

It should further be noted that in the definition of persons contained in Section 1(h) of Article 667 set out above that an "association of natural persons" is a "person" who may file an application, and presumably the Board of Directors of The National Hall would qualify under such definition. In addition, it follows that a "manager, agent, servant, or employee" of the Board of Directors would be a "person" who could file an application as a retail dealer of beer, and that the Chairman of the Board would be such an "agent" if so authorized by the Board.

In considering Article 667, Section 5, Subsection 2, it should be observed that provision is made that the county judge shall refuse to approve an application if he finds any of the following to be true:

"(a). That the applicant is under twenty-one (21) years of age; or

"(b). That the applicant is indebted to the State for any taxes, fees or penalties imposed by this Act or by any rule or regulation of the Board; or

"(c). That the place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license; or

"(d). That the applicant is in the habit of using alcoholic beverages to excess, or is physically or mentally incompetent; or

"(e). That the applicant is not a citizen of the United States or has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application, provided, however, that this paragraph (e) shall not apply to any person who has been issued a license or a renewal thereof on or before September 1, 1948; or

"(f). That the applicant has been finally convicted of a felony during the two (2) years next preceding the filing of his application; or

"(g). That the applicant is not of good moral character, that his reputation for being a peaceable, law-abiding citizen in the community where he resides is bad; or

"(h). If a corporation, that the applicant is not incorporated under the laws of this State; or that at least fifty-one percent (51%) of the stock of such corporation is not owned at all times by citizens who have resided within this State for a period of three (3) years

and who possess the qualifications required of other applicants for licenses; provided, however, that this paragraph (h) shall not ever apply to any holder of a Distributor's License in force and effect on January 1, 1953, or any renewal thereof; provided further that this paragraph shall not apply to applications for Beer Retailer's On-Premise Licenses for railway dining, buffet or club cars, which licenses may be issued for a fee of Five Dollars ($5) for each car, payment of which fee and application for which license shall be made direct to the Board."

Obviously, The National Hall as an "organization" would not be able to meet these personal qualifications as you indicate that a part of the membership is comprised of individuals who are under twenty-one (21) years of age. The Board of Directors of The National Hall acting in their official capacity as Board of Directors would not be able to qualify under the personal requirements as a "manager, agent, servant or employee" of the National Hall; Oui Per Alium Facit Per Seipsum Facere Videtur. (He who does a thing by an agent is considered as doing it himself.) Co.Litt. 258; Broom, Max. 817. However, the individual members of the Board of Directors of the National Hall acting individually and not as the Board of Directors, but rather as an "association of natural persons" could presumably qualify under the requirements of Subsection 2, Section 5 of Article 667 which are enumerated above. In addition to the above requirements, the individual Directors would have to prove to the satisfaction of the County Judge that the license would not be used or displayed in the operation of the business conducted for the benefit of any person not authorized by law to have an interest in said license. Or stated more simply, that the license would be used only for the benefit of the individual members of the Board of Directors and not for the benefit of The National Hall as a whole.

We therefore hold that the Board of Directors of The National Hall acting individually could properly make application for a license as a retail dealer of beer as an "association of natural persons" and would be qualified to receive such license if the individual Directors met the requirements of Subsection 2, Section 5 of Article 667 which are enumerated above. We further hold that a "manager, agent, servant or employee" of the individual Directors could make an application and be qualified to receive a beer license should he meet the tests specified in Article 667, Section 5, Subsection 2.

## S U M M A R Y

The Board of Directors acting individually and not in their official capacity as Board of Directors of an unincorporated organization would be an "association of natural persons" within the term person as defined by Article 667, Vernon's Penal Code, and as such, the individual Directors or a "manager, agent, servant, or employee" of the individual Directors may qualify for a beer license.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
Gilbert J. Pena
Sam Kelley
Thomas W. Mack

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. Wright